UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARYANN AND TODD MYRICK, )<br>Individually, and as Personal Representatives )<br>of the Estate of Michael Myrick )<br>   )<br>   PLAINTIFF )<br>   )<br>v. )<br>   )<br>MID COAST HOSPITAL )<br>   )<br>   DEFENDANT ) | Civil Docket No.: |

COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, Maryann and Todd Myrick, Individually, and as Personal Representatives of the Estate of Michael Myrick, by and through their undersigned attorney, and complains against Defendant as follows:

1. Plaintiffs are residents of Richmond, County of Sagadahoc, State of Maine.

2. Upon information and belief, Defendant is a domestic, non-profit corporation, in good standing, with a principle place of business in Brunswick, County of Sagadahoc, State of Maine.

3. Pursuant to F.R.Civ.P. 38(b), Plaintiffs hereby demand trial by jury on all issues triable to a jury.

4. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 as this action arises under a law of the United States.

5. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b). Under Local Rule 3(b), this action is properly filed in Portland, Maine because this case arises in Sagadahoc County.

6. On or about September 18, 2015, the decedent, Michael Myrick, was taken to the emergency department at Mid Cost Hospital, via emergency services, for complaints of shortness of breath, persistent cough, green sputum and his asthma inhalers were not working. Michael is provided treatment and discharged to home with instructions to return if his symptoms worsened.

7. On this same day, September 18, 2015, Michael Myrick returns to the emergency department of Defendant, Mid Coast Hospital, as instructed, due to his worsening symptoms. Michael still had complaints of shortness of breath, however, now there is pain associated with his cough along with new symptoms of chest tightness with shortness of breath and wheezing, vomiting and six (6) bouts of diarrhea since leaving this emergency department earlier in the day.

8. Defendant diagnosed Michael Myrick with acute asthma and orders a nebulizer treatment. Failing to improve after the first nebulizer treatment, Defendant re-assesses Michael and orders another nebulizer treatment. During this second nebulizer treatment Michael experiences worsening shortness of breath, becomes shaky and his heart begins to race. The nebulizer treatment was stopped. Michael remains anxious due to his respiratory distress and his low oxygen saturations. In response to Michael's anxiety, the Defendant orders Ativan 1mg be given through the IV. An hour later, Michael is sedated by the effects of the Ativan but Michael's heart rate remains high and his oxygen saturations levels remain critically low. In response, Defendant gives Michael another nebulizer treatment. Without further evaluation or treatment, at approximately 11: 54 p.m., the Defendant sends Michael home.

9. On September 19th, 2015, at approximately 7:17 a.m., Michael is unable to breath and calls 911. Shortly after the call, Michael's sister, Diane Ellison, finds Michael rigid and unable to breathe. Diane begins CPR in an effort to save her brother's life. Upon arrival, EMS takes over CPR but are unable to revive Michael. At 8:02 a.m., barely an hour after Michael's frantic call for rescue, Michael is declared dead by EMS.

10. Defendant failed to recognize an emergency medical condition, failed to admit, observe, treat and stabilize Michael Myrick on his second visit to the emergency department, with worsening signs and symptoms of respiratory distress and an intractable asthma attack. Furthermore, Defendant failed to initiate aggressive therapy to alleviate the severity of his asthma and infection, in violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.

11. As a direct and proximate result of the Defendant's conduct and violation of EMTALA, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant for damages in such amount as may be shown by proof, for wrongful death, compensatory damages, loss of consortium, attorneys' fees, costs, interest, and such other and further relief as may be just and equitable in the premises.

|  |  |
|---|---|
| June 8, 2017 | /s/ Owen Pickus, DO., Esq. |
| Date | Owen Pickus, DO., Esq. Bar#:4248 |

*Owen Pickus, DO, Esq. & Associates*
2 Storer Street, Ste. 200-A
Kennebunk, ME 04043
(207) 467-9146
owenpickus@owenpickuslaw.com
Attorneys for Plaintiffs